IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN L. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-3133-CV-S-SWH |
| ) | |
| CITY OF SPRINGFIELD, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on plaintiff's Motion to Withdraw Any Permission or Implied Permission Given for Magistrate to Handle This Case (doc #48). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On April 1, 2005, plaintiff Steven L. Reed, appearing pro se, filed a Complaint seeking damages for his arrest on trespassing charges arising out of his efforts to pass out literature in support of Claire McCaskill at the Clarion Hotel in Springfield, Missouri on April 5, 2003. The Complaint contains twenty counts, alleging various violations of state and federal law.

On April 7, 2005, plaintiff Reed signed a Consent to Exercise of Jurisdiction By United States Magistrate Judge. That Consent stated in part:

> In accordance with the provisions of 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P., the undersigned waives the right to proceed before a United Sates District Judge and voluntarily consent to have United States Magistrate Judge Hays conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

(doc #26-1)

On October 25, 2005, the Court granted Separate Defendant Springfield Police Department's Motion to Dismiss (doc #17) and dismissed the Springfield Police Department from this lawsuit. On March 31, 2006, the Court granted Defendant Gail Ann Campbell's Motions to Dismiss (docs #10 and #35) and dismissed Gail Ann Campbell from this lawsuit. On March 31, 2006, the Court also granted Defendant Muhammed Salam's Motions to Dismiss (docs #24 and #36) and dismissed Muhammed Salam from this lawsuit. On April 12, 2006, the Court granted Separate Defendant Choice Hotels International's Motion to Dismiss All Counts of Plaintiff's Complaint (doc #20) and Separate Defendant Choice Hotels International's Second Response and Reiteration of Motion to Dismiss All Counts of Plaintiff's Complaint (doc #37) and dismissed Choice Hotels International and the Clarion Hotel from this lawsuit.

On April 28, 2006, plaintiff filed the instant Motion to Withdraw Any Permission or Implied Permission Given for Magistrate to Handle This Case in which he indicates that he did not intend to turn the case over to a magistrate judge nor did he intend to waive his right to an Article III judge.

## II. DISCUSSION

Because plaintiff Reed is acting pro se, his pleadings are to be construed liberally. Accordingly, the Court will treat plaintiff's motion to withdraw permission as one to vacate the reference to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(4) and Rule 73 of the Federal Rules of Civil Procedure.[1]

---

[1] A motion to withdraw consent to proceed before a magistrate judge pursuant to section 636(c)(4) and Rule 73 must be ruled by the district court. See Rivera v. Rivera, 216 F.R.D. 655, 661 (D. Kan. 2003)("the magistrate judge does not have jurisdiction to deny a motion to withdraw consent"). Hence, the undersigned will submit plaintiff's motion to the district court for consideration, and will recommend that the motion be denied. If plaintiff's motion were construed as seeking a recusal by the magistrate judge, the undersigned would have denied the motion by its own order.

2

Section 636(c) provides in part:

(c) Notwithstanding any provision of law to the contrary–

    (1) Upon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court[2] ... he serves. ...

    (2) If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. ...

* * *

    (4) The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

28 U.S.C. § 636(c)(1), (2) and (4).

Rule 73 provides in part:

    (a) **Powers; Procedure.** When specially designated to exercise such jurisdiction by local rule or order of the district court and when all parties consent thereto, a magistrate judge may exercise the authority provided by Title 28, U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case. ...

    (b) **Consent.** When a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their

---

[2] Rule 72.1(h) of the Local Rules of the United Sates District Court for the Western District of Missouri provides this designation. It states: "Upon the consent of the parties, each full-time United States Magistrate Judge ... [is] hereby designated, authorized, and empowered to conduct any and all proceedings in any civil case which is filed in or transferred to this district, including the conduct of a jury or non-jury trial, and may order the entrance of a final judgment in accordance with Section 636(c), Title 28, United States Code. In the course of conducting such proceedings upon consent of the parties, a magistrate judge may hear and determine any and all pretrial and post-trial motions which are filed by the parties, including case-dispositive motions."

3

opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, as authorized by Title 28, U.S.C. § 636(c). If, within the period specified by local rule, the parties agree to a magistrate judge's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.

\* \* \*

The district judge, for good cause shown on the judge's own initiative, or under extraordinary circumstances shown by a party, may vacate a reference of a civil matter to a magistrate judge under this subdivision.

Rule 73(a) and (b), Federal Rules of Civil Procedure.

Although a party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge, that right can be waived, allowing parties to consent to trial before a magistrate judge. See Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993). In the case before this Court, plaintiff Reed (as well as the defendants) waived the right to proceed before a district judge and consented in writing to conduct any and all proceedings before the undersigned magistrate judge. Once a civil case has been referred to a magistrate judge under section 636(c), a party does not have an absolute right to withdraw consent. Id. at 480. See also Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1020 (5th Cir. 1987); Rivera v. Rivera, 216 F.R.D. 655, 659 (D. Kan. 2003). Rather, the party must show "extraordinary circumstances" to justify the vacating of a reference to a magistrate judge. See Dixon, 990 F.2d at 480; Rivera, 216 F.R.D. at 659; 28 U.S.C. § 636(c)(4); Fed.R.Civ.P. 73(b).

Plaintiff Reed has shown no "extraordinary circumstances" to justify a vacation of the reference to the undersigned magistrate judge. Plaintiff's motion provides the following justification for withdrawing consent:

> ... Once this case was filed there was some coercion and pressures put on plaintiff by political figures demanding he dismiss the lawsuit or in the least drop certain people

4

from the lawsuit. Plaintiff may have followed the lead of one of those people, who is an attorney, and appeared to consent to having a magistrate handle this case. NEVER did plaintiff intend to have the entire case turned over to a mere magistrate to go beyond the clear intentions of Congress in creating the limits within 28 USC 636 nor to waive his right to an Article III judge.

(Motion to Withdraw Any Permission or Implied Permission Given for Magistrate to Handle This Case at 1) As set forth above, plaintiff filed a Consent to Exercise of Jurisdiction By United States Magistrate Judge on April 7, 2005. That Consent clearly states that plaintiff is waiving the right to proceed before a United Sates District Judge and that plaintiff is consenting to having a Magistrate Judge conduct any and all proceedings in the case. The Consents by the defendants in this case were filed on April 26, 2005 (Choice Hotels), July 11, 2005 (Clarion Hotel), June 22, 2005 (Muhammed Salam), June 10, 2005 (City of Springfield), June 13, 2005 (Steve Stepp) and July 11, 2005 (Gail Ann Campbell). (See docs #26-2, #26-3, #26-4, #26-5, #26-6 and #26-7) Plaintiff clearly filed his consent before any of the defendants and cannot argue that he was merely following their lead.

The motion to withdraw permission is obviously motivated by plaintiff's dissatisfaction with the undersigned's recent orders dismissing defendants Gail Ann Campbell, Muhammed Salam, Choice Hotels International and the Clarion Hotel. Plaintiff appeared more than satisfied when the undersigned entered rulings which benefitted the plaintiff. For instance, after the undersigned granted plaintiff an extension of time in which to obtain proper service of several defendants, plaintiff responded in two Reports to the Court:

> Plaintiff means no respect[3] for Judge Sarah W. Hayes and realizes she has tried to work with Plaintiff to allow this case to go forward. Clearly the Judge in this case has went out of their way to try and see Justice moves forward and that is appreciated by Plaintiff in this case. ...

---

[3]The undersigned assumes that plaintiff intended to state that he means no "disrespect."

5

(Reports to the Court Regarding John and Jane Doe and Service, dated 11/22/05 and 12/23/05 (docs #34 and #42) at 2)

Courts have held that "extraordinary circumstances" are not shown where a motion to withdraw consent was motivated by a litigant's dissatisfaction with a magistrate judge's rulings. See Milhous v. Metro. Gov't of Nashville & Davidson County, 2000 WL 876396, *1 (6th Cir. June 21, 2000)(no extraordinary circumstances where plaintiff simply was displeased with magistrate judge's rulings on motions to dismiss); Rivera v. Rivera, 216 F.R.D. 655, 661 (D. Kan. 2003)(no extraordinary circumstances where obvious that motion was motivated by defendant's dissatisfaction with court's recent order granting plaintiff new trial); Moses v. Sterling Commerce, 2003 WL 1869158, *1 (S.D. Ohio Apr. 4, 2003)(no extraordinary circumstances where plaintiff's motion is motivated by dissatisfaction with certain rulings); O'Neal Bros. Constr. Co. v. Circle, Inc., 1994 WL 658468, *2 (E.D. La. Nov. 21, 1994)(no extraordinary circumstances where party is unhappy with decisions of magistrate judge and determines, in hindsight, that perhaps consent should not have been given and that district judge might have ruled more favorably). In Carter v. Sea Land Services, Inc., 816 F.2d 1018 (5th Cir. 1987), the court summed up its reasons for not allowing the plaintiff to withdraw her consent as follows:

> ... We are not persuaded that a litigant has ... a right [to withdraw consent]. We find nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference. Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome. Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.

Id. at 1020-21.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying plaintiff's Motion to Withdraw Any Permission or Implied Permission Given for Magistrate to Handle This Case (doc #48).

The parties are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                */s/ Sarah W. Hays*
                                                SARAH W. HAYS
                             UNITED STATES MAGISTRATE JUDGE