IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN L. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-3133-CV-S-SWH |
| | ) |
| CITY OF SPRINGFIELD, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

ORDER

On April 17, 2008, plaintiff filed document #110 entitled "Appeal of Court Ordered Denial of Emergency Motion for Approval of Phone Taping of Depositions, Continuance of Case for Proper Discovery, Request for In Forma Pauperis, and a Court Appointed Attorney, (doc. #101); Appeal of Courts Denial of Motion to Court Notices to Take Depositions As Follows (doc. #103); Appeal of Courts Approval of Motion to Quash By Defendant and Objection to Deposition Notices Filed by Plaintiff (doc. #104); Appeal of Courts Denial of Motion Request for Court to Request, Require and/or Order Parties to Give Depositions (doc. #105)." This motion is apparently an attempt by plaintiff to obtain permission to file an interlocutory appeal from the Court's Order of April 2, 2008, doc. # 109.[1]

A court order must be deemed a final decision within the meaning of 28 U.S.C. §1291 before an appeal maybe taken. To date, there is no final decision in this case. Prior to the entry of a final judgment, Fed. R. Civ. P. 54(b) and 28 U.S.C. §1292 (b) allow for appellate review in certain

---

[1] The Court's Order of April 2, 2008, doc. # 109 , dealt with various pretrial discovery issues which had been raised by the parties in document numbers 101, 103, 104, and 105.

limited circumstances, all of which are inapplicable with respect to the Court's Order of April 2, 2008, doc. # 109.

Although the Court has entered orders dismissing certain defendants from the case, those orders are not immediately appealable as they have adjudicated fewer than all of the claims or parties in the case, and the Court has not made a determination that there is no just reason for the delay and directed entry of judgment as required by Fed. R. Civ. P. 54(b).[2] Further, plaintiff is not entitled to the entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to the discovery order at issue because it did not decide any liability issues nor did the order dispose of any claims in their entirety. Once a final judgment has been entered in this case, plaintiff will have thirty days from the entry of the judgment within which to file his notice of appeal. See Federal Rule of Appellate Procedure 4(a).

A party may also seek permission for an interlocutory appeal prior to the entry of a final judgment pursuant to 28 U.S.C. § 1292 which provides in part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an

---

[2]Fed. R. Civ. P. 54(b) provides in part that [w]hen an action presents more than one claim for relief ...or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

>appeal to be taken from such order, if application is made to it within ten days after the entry of the order; . . .

To the extent that plaintiff is asking the Court to certify its April 2, 2008, Order for an interlocutory appeal pursuant to section 1292(b), the Court declines to do so. The Order in question does not meet the standards for certification pursuant to 28 U.S.C. §1292(b) because the discovery issues which were the subject of the Court's order do not involve controlling questions of law as to which there is a substantial ground for a difference of opinion and for the further reason that an immediate appeal will not materially advance the ultimate termination of the litigation.

For these reasons, it is

ORDERED that plaintiff's motion, doc. # 110, asking that this Court make the necessary findings so that the discovery order of April 2, 2008, doc. # 109, is immediately appealable is denied.

                                                                */s/ Sarah W. Hays*
                                                              SARAH W. HAYS
                                                   United States Magistrate Judge